---

(21 Misc. Rep. 718.)

WICK v. FT. PLAIN & R. S. R. CO.

(Supreme Court, Special Term, Onondaga County. November, 1897.)

UNDERTAKINGS ON APPEAL—SERVICE—TIME.

    Code Civ. Proc. § 1352, provides that an appeal to the appellate division from a final judgment of the supreme court may be taken by giving the security required to perfect an appeal to the court of appeals, and that the execution is stayed as on an appeal to the court of appeals, and subject to the same conditions. Section 1351 provides that such appeals are governed by the provisions applicable to appeals to the court of appeals. Section 1334, relating to undertakings on appeal to the court of appeals, provides that a copy of the undertaking must be served on the attorney for the adverse party with the notice of appeal, or before the expiration of the time of appeal. Held, that an undertaking under section 1352 is governed by section 1334.

Motion by Richard B. Wick, plaintiff, to compel the Ft. Plain & Richfield Springs Railroad Company, defendant, to show cause why an undertaking on appeal given by defendant company should not

be vacated and set aside. Granted, without prejudice to appellant to file a new undertaking and be relieved from its default.

R. R. Martin, for the motion.

James G. Janeway, opposed.

HISCOCK, J. This action was brought to foreclose a mechanic's lien alleged to have been effected against the property of the defendant railway company, various other lienors being joined as parties defendant. On or about June 2, 1896, a judgment was rendered sustaining the liens of several of the other defendants as against defendant railway company's property, and, among other things, directing a sale of the said property for the purpose of paying such liens, with the expenses of the suit, etc. The railway company, August 3, 1896, appealed from said judgment, but gave no undertaking. Thereafter, under such judgment, sale of said property upon December 7, 1897, was advertised. November 20, 1897, a justice of the supreme court having approved the same as to form and sufficiency of the sureties, and fixed the liabilities of the latter in accordance with the terms thereof, an undertaking was filed by said railway company, in the form prescribed by section 1331 of the Code for an undertaking in such a case, to stay execution of judgment, and thereafter a copy thereof, with notice of filing, etc., was served upon the attorneys for the plaintiff and other defendants therein. It is claimed that said undertaking, having been made and filed long after the time within which said defendant could appeal herein, was late and ineffectual, especially to accomplish any stay of execution of judgment; and that is the only question involved in this motion.

Section 1351 of the Code, relating to the subject of appeals from the supreme court to the appellate division, provides:

"Security is not required to perfect the appeal; but, except where it is otherwise specially prescribed by law, the appeal does not stay the execution of the judgment or order appealed from; unless the court, in or from which the appeal is taken, or a judge thereof, makes an order directing such a stay."

Section 1352 of the Code provides:

"Upon an appeal from a final judgment, taken as prescribed in this title, the appellant may give the security required to perfect an appeal to the court of appeals, from a judgment of the same amount, or to the same effect; and to stay the execution thereof. In that case, the execution of the judgment appealed from is stayed, as upon an appeal to the court of appeals, and subject to the same conditions."

Section 1351 further provides:

"If security is given, either as a condition of granting the order [provided for in section 1351], or as prescribed in the next section [1352], the provisions of title second of this chapter apply thereto, as if the appellate division of the supreme court was specified in those provisions, in place of the appellate court, and a judge of the same court in place of a judge of the court below."

It is not claimed that any order was made by the supreme court or a judge thereof, in connection with the undertaking in question and predicated upon it, directing any stay; and the defendant must, therefore, be considered to have served his undertaking and to have secured his stay, if at all, under the provisions of section 1352. So that, under the terms of section 1351, we have the provisions of title

2, covering the subject of appeals to the court of appeals, applying to the undertaking, and also the provisions of section 1352, allowing the appellant to give "the security required to perfect an appeal to the court of appeals from a judgment of the same amount or to the same effect, and to stay the execution thereof," and further providing that in that case "the execution of the judgment appealed from is stayed as upon an appeal to the court of appeals and subject to the same conditions."

Turning, now, to the title in question, we find section 1326 treating of the security necessary to perfect an appeal to the court of appeals, and then sections 1327 to 1331, both inclusive, treating of the various kinds of undertakings necessary to effect stay of execution upon appeal from various kinds of judgment, respectively. Then follows section 1334, relating to such undertakings, and which provides:

"Where two or more undertakings are required to be given as prescribed in this title they may be contained in the same instrument, or in different instruments at the option of the appellant. Each undertaking given as prescribed in this title, must be executed by at least two sureties, and must specify the residence of each surety therein. A copy thereof, with a notice showing where it is filed, must be served on the attorney for the adverse party with the notice of appeal or before the expiration of the time of appeal."

Therefore, we have the defendant railway company attempting to stay execution of judgment by an undertaking under a section of the Code which authorized it to "give the security required to perfect an appeal to the court of appeals from a judgment of the same amount or to the same effect, and to stay the execution thereof" (section 1352), and under the provisions of that section and of section 1351, which, in effect, made applicable all of the provisions and conditions of the Code applicable to an undertaking on appeal to the court of appeals to perfect appeal or to stay execution of judgment. Among such provisions and conditions is the one quoted from section 1334, which, in effect, requires that such undertaking upon appeal to the court of appeals must be given at or before the expiration of the time to appeal. This seems to me to be conclusive, and decisive in the affirmative of the contention made by the moving party herein, that said defendant has been late with its undertaking.

The counsel for defendant has argued carefully and at length that various restrictions and regulations requiring an appellant to give security in order to perfect an appeal to the former general term or present appellate division have been broken down and removed, and from which he argues in a general way that the provision fixing the time of giving an undertaking upon appeal to the court of appeals should not be applied to this appeal. It is true that greater latitude is allowed in appealing without security to the appellate division than to the court of appeals, provided no stay is desired; but, if the appellant desires to stay execution of judgment, there seems to be no good reason why he should not be held with reasonable strictness to an observance of the provisions seeming to apply to the subject, and it is certainly desirable that, if execution of a judgment is to be stayed by the giving of an undertaking, the successful party, having recovered the judgment, should be seasonably informed of

that fact by the execution of the undertaking before the time to appeal has expired, rather than a longer time after, when he has taken steps and incurred expenses to carry his judgment into effect.

The motion, therefore, is granted, but without prejudice to any right which the appellant may have to apply for leave to file its undertaking and be relieved from its default.

Ordered accordingly.